
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBBY LEWIS,<br><br>        Plaintiff,<br><br>        v.<br><br>EVERETT HIGH SCHOOL, *et al.*,<br><br>        Defendants. | No. CV07-786RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on defendants' motion to dismiss plaintiff's complaint without prejudice (Dkt. #13). Defendants argue that plaintiff's claim should be dismissed due to the fact that plaintiff has not complied with the pre-claim notice requirements of RCW 4.96.020, which states that "[n]o action shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof." Importantly, "[f]iling a pre-claim notice under RCW 4.96.020 is a condition precedent to commencing an action seeking damages from the entity based on its tortious conduct, or the tortious conduct of its employees." Atkins v. Bremerton Sch. Dist., 393 F. Supp.2d 1065, 1067 (W.D. Wash. 2005).

Plaintiff does not deny that he has failed to comply with the notice requirements of RCW 4.96.020, but instead contends that false imprisonment was never alleged as a tort. The Court

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS -1

disagrees. Count 3 of plaintiff's complaint is titled "False Imprisonment" and alleges that CLL was held "against her will" and "without authority of law." See Moore v. Pay'N Save Corp., 20 Wn. App. 482, 486 (1978). Though plaintiff also alleges constitutional violations, the existence of both a tort claim and a constitutional claim are not mutually exclusive.

In the alternative, plaintiff also argues that even if his claim for false imprisonment is subject to RCW 4.96.020, his remaining six counts should not be dismissed. Again, the Court disagrees. Such a result would run contrary to the primary purpose of the notice of claim statute, which is "to establish a period of time for government defendants to investigate claims and settle those claims where possible." Medina v. Public Utility District No. 1 of Benton County, 147 Wn.2d 303, 317 (2002). By dismissing the entire action, the statutory purpose of RCW 4.96.020 will be effectuated while avoiding the unnecessary expenditure of judicial resources that would come with allowing plaintiff to proceed with his claims on two separate tracks.[1]

For the foregoing reasons, defendant's motion to dismiss (Dkt. #13) is GRANTED without prejudice. The Court also GRANTS defendants' motion to strike plaintiff's surreply (Dkt. #19). Plaintiff's surreply did not contain a request to strike material contained in defendants' reply brief and was therefore not authorized by the Local Rule 7(g). If he chooses, plaintiff may refile his claim after fully complying with the pre-claim notice requirements of RCW 4.96.020.

DATED this 14th day of September, 2007.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] The Court does not address plaintiff's arguments with regard to qualified immunity as those issues are not relevant to the Court's resolution of defendants' motion to dismiss.

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS -2